**Lois DAVIS, Plaintiff,**

v.

**Jo Anne B. BARNHART, Commissioner of Social Security, Defendant.**

**No. CIV.A.05–G–0127–S.**

United States District Court, N.D. Alabama, Southern Division.

Dec. 19, 2005.

Cheryl D. Chapman, Darryl W. Hunt, Clark & James LLC, Birmingham, AL, for Plaintiff.

Lane H. Woodke, U.S. Attorney's Office, Birmingham, AL, Reginald V. Speegle, Social Security Administration, Office of General Counsel, Atlanta, GA, for Defendant.

## MEMORANDUM OPINION

GUIN, District Judge.

The plaintiff, Lois Davis, brings this action pursuant to the provisions of section 205(g) of the Social Security Act (the Act), 42 U.S.C. § 405(g), seeking judicial review of a final adverse decision of the Commissioner of the Social Security Administration (the Commissioner) denying her application for Social Security Benefits. Plaintiff timely pursued and exhausted her administrative remedies available before the Commissioner. Accordingly, this case is now ripe for judicial review under 205(g) of the Social Security Act (the Act), 42 U.S.C. § 405(g).

### Standard of Review

The sole function of this court is to determine whether the decision of the Commissioner is supported by substantial evidence and whether proper legal standards were applied. *Bloodsworth v. Heckler,* 703 F.2d 1233, 1239 (11th Cir.1983). To that end, this court "must scrutinize the record as a whole to determine if the decision reached is reasonable and supported by substantial evidence." *Bloodsworth,* at 1239. Substantial evidence is "such relevant evidence as a reasonable person would accept as adequate to support a conclusion." *Id.*

### Statutory and Regulatory Framework

In order to qualify for disability benefits and to establish her entitlement for a period of disability, a claimant must be disabled as that term is defined by the Social; Security Act and the Regulations promulgated thereunder. The Regulations define *disabled* as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months ...." 20 CFR 404.1505(a). For the purposes of establishing entitlement to disability benefits, *physical or mental impairment* is defined as "an impairment that results from anatomical, physiological, or psychological abnormalities which are de-

monstrable by medically acceptable clinical and laboratory diagnostic techniques." 20 CFR 404.1508.

In determining whether a claimant is disabled, Social Security regulations outline a five-step sequential process. 20 CFR 404.1520(a)(4)(i–v). The Commissioner must determine in sequence:

(1) whether the claimant is currently employed;

(2) whether she has a severe impairment;

(3) whether her impairment meets or equals one listed by the Secretary;

(4) whether the claimant can perform her past work; and

(5) whether the claimant is capable of performing any work in the national economy.

*Pope v. Shalala,* 998 F.2d 473, 477 (7th Cir.1993); *accord, McDaniel v. Bowen,* 800 F.2d 1026, 1030 (11th Cir.1986). "Once the claimant has satisfied Steps One and Two, she will automatically be found disabled if she suffers from a listed impairment. If the claimant does not have a listed impairment but cannot perform her past work, the burden shifts to the Secretary to show that the claimant can perform some other job." *Pope,* at 477; *accord, Foote v. Chater,* 67 F.3d 1553, 1559 (11th Cir.1995). The Commissioner also bears the burden of showing that such work exists in the national economy in significant numbers. *Id.*

### Findings of the ALJ

In the instant case, the ALJ, Cynthia Brown, determined the plaintiff met the first two prongs of the eligibility test. The ALJ concluded that plaintiff's impairments-morbid obesity, degenerative joint disease, hypertension, non-insulin dependent diabetes, and a history of carpal tunnel syndrome-were severe but did not meet or equal a listed impairment. The ALJ found that the plaintiff was unable to perform her past relevant work. The ALJ further found that Ms. Davis has the residual functional capacity to perform a significant range of light and sedentary work with limitations.

### Facts and Procedural History

Ms. Davis filed her application for Social Security benefits on October 25, 2002, alleging an amended onset date of November 6, 2002. She was forty-nine years old at the time of the administrative hearing. She has a tenth grade education. Her past relevant work experience is as a fast food cook, cashier, and kitchen helper. The plaintiff claimed disability because of back pain, numbness in her feet and legs, insomnia, diabetes, hypertension, and gout. The Social Security Administration denied benefits initially and upon reconsideration. On March 19, 2004, after an administrative hearing, ALJ Cynthia Brown denied benefits as well. The Appeals Council denied plaintiff's request for review on November 23, 2004. The ALJ's decision thus became the Commissioner's final decision on that date.

### Findings and Decision of the Court

The court has carefully reviewed the record and finds that the decision of the ALJ must be remanded for further development of the record. Under the law, the administrative law judge must develop a full and fair record. *Graham v. Apfel,* 129 F.3d 1420, 1422 (11th Cir.1997).

This case presents a new level of physician note incomprehensibility to a court that has decided thousands of Social Security cases over the years. Dr. Trimm, the consultative physician wrote, "The following functional assessment is based solely on today's limited evaluation and in no way affects a functional capacity evaluation.... [T]his claimant has no limitations with standing or walking for eight hours with two-hour breaks. She has no limitations with sitting for eight hours with two-hour

breaks." R. 128. To say these notes are rife with ambiguity does not begin to approach the problems this doctor created for the appellant here. If this "functional assessment" in which the doctor makes quantitative capacity evaluations is not a "functional capacity evaluation," what is it? If in these quantitative capacity determinations the doctor means Ms. Davis must have breaks of two hours on length then she is patently unemployable, and the Commissioner's decision is due to be reversed. If he means Ms. Davis can stand or walk for six of eight hours a day and sit for six of eight hours a day, then the ALJ's opinion is supported by substantial evidence and is due to be affirmed. Clarification must be obtained from Dr. Trimm. Whether the ALJ finds it necessary to have other examinations conducted are decisions for her to make. The ALJ has the authority to and must require greater clarity of physicians dealing with the critical issue of whether an individual receives Social Security benefits. Receipt of benefits is crucial for the truly disabled, and denial of benefits to the non-disabled is important for the taxpayers.

Government counsel are warned that to ignore issues raised by appellant can be taken by the court as concession. The two hour break issue was not replied to by the government in its brief. The court could have interpreted those notes as requiring continuous two-hour breaks, found those issues conceded, and entered judgment peremptorarily for the appellant.

Accordingly, the decision of the Commissioner is reversed, and the case is remanded for further proceedings in conformity with the terms of this opinion. An order in conformity with this Memorandum Opinion will be entered.

### FINAL ORDER

In conformity with and pursuant to the memorandum opinion entered contemporaneously herewith, the court hereby ORDERS, ADJUDGES and DECREES that the decision of the Commissioner of the Social Security Administration be and hereby is **REVERSED**, and the case is **REMANDED** to the Commissioner pursuant to **Sentence Four** of 42 U.S.C. § 405(g) for further proceedings consistent with the memorandum opinion entered contemporaneously herewith.

Should this remand result in the award of benefits, plaintiff's attorney is hereby granted, pursuant to Rule 54(d)(2)(B), an extension of time in which to file a petition for authorization of attorney's fees under 42 U.S.C. § 406(b), until thirty (30) days subsequent to the receipt of a notice of award of benefits from the Social Security Administration. *This order does not extend the time limits for filing a motion for attorney's fees under the Equal Access to Justice Act.*